UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA RICHTER,

                Plaintiff,

                                                        **ORDER**
- against -                                  **14 MC 749 (RRM)(LB)**

DESIGN AT WORK, LLC,
and DAVID CONROY,

                Defendants.
------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff commenced a pro se civil action against defendants in this Court on January 27, 2014, under docket number 14 CV 650 (RRM) (LB). On April 4, 2014, the Court granted plaintiff leave to proceed in forma pauperis, but dismissed plaintiff's complaint and granted her 30 days leave to file an amended complaint. 14 CV 650, ECF No. 7, M&O. On April 25, 2014, plaintiff filed an amended complaint which is under judicial review.[1]

Although the Court has not held any conferences or scheduled any discovery in 14 CV 650 (RRM) (LB), plaintiff has served a subpoena on JP Morgan Chase Bank, defendant Design at Work's bank, to obtain "statements and check images for checks both deposited and written" on defendant's account from "June 1, 2010 to March 1, 2013." ECF No. 1 at 6.[2] Defendants now move to quash the subpoena under this miscellaneous docket number. ECF No. 1. More specifically, defendants request that the Court stay the production of these records pending the execution of a confidentiality agreement between the parties; ECF No. 1 at ¶¶ 17-18.

"As discovery under the Federal Rules is limited in scope to that which is 'relevant to any party's claim or defense,' Fed. R. Civ. P. 26(b)(1), the court may [ ] quash or modify a subpoena

---

[1] Plaintiff also filed a request for an extension of time to file an interlocutory appeal of the Court's order dismissing her complaint.
[2] As the filed subpoena includes defendant's bank account number, the Clerk of Court is directed to restrict view of the motion to quash to "case participants only."

that calls for irrelevant information." GMA Accessories, Inc. v. Elec. Wonderland, Inc., 07 Civ. 3219 (PKC) (DF), 2012 U.S. Dist. LEXIS 72897, at *16 (S.D.N.Y. May 22, 2012); see also Silano v. Wheeler, CIV NO. 3:13CV185 (JCH), 2014 U.S. Dist. LEXIS 75738, at *3 (D. Conn. June 3, 2014) ("subpoenas are subject to the relevance requirements set forth in Rule 26(b)).[3] The Court's April 4, 2014 Order dismissed plaintiff's complaint as it "fails to . . . state a claim." M&O at 4. Unless and until the Court determines that plaintiff's amended complaint should proceed, plaintiff should not serve discovery requests.

Accordingly, defendants' instant motion to quash the subpoena is granted. JP Morgan Chase Bank shall not produce the requested records to plaintiff. If the Court finds that plaintiff's amended complaint states a claim for relief, the Court shall direct service of process on the defendants[4] and plaintiff may renew her request for information after defendants respond to the complaint.

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: June 25, 2014
Brooklyn, New York

---

[3] The Clerk of Court shall send the attached copies of the unreported cases cited herein to plaintiff.
[4] If the Court directs service of the amended complaint, plaintiff may rely on the United States Marshals Service to effect service on defendants pursuant to 28 U.S.C. § 1915.